GEORGE BLAKELY, Attorney, City of Beloit
Pursuant to sec. 19.98, Stats., you request to be advised with respect to four questions concerned with notice requirements under the open meeting law. You are particularly concerned with interpretations of the law contained in 66 OAG 68 (1977), which involved the school district for which you serve as legal counsel.
That opinion dealt with the use of the phrase "Citizens and Delegations," which was one of many agenda items. The opinion does not state that a board may utilize such phrase as the single or all inclusive notice to conduct the regular business of the board. The opinion states the law requires that the public notice be as specific as possible. It is presumed that school board members as public officers will act in good faith to comply with the law to the best of their abilities and will not knowingly attempt to evade provisions of the law.
The board is not required to utilize a citizen input period at regular board meetings. In general, the degree of citizen participation is for board determination. The agenda item the board has utilized, "Citizens and Delegations," is broad and is an invitation to allow citizen input on any subject within jurisdiction of the board. Whether the board may wish to utilize a more restrictive item or otherwise legally limit citizen participation by requiring the citizen to timely notify the board of the intended subject matter so that more specific notice may be given is a matter within the discretion of the board. Where request for advice is made pursuant to sec. 19.98, Stats., this office attempts to be constructive in aid of assuring compliance with the open meeting law. The office does not intend to mandate the manner in which the business of a governmental body must be conducted. The law sets forth minimum requirements as far as public *Page 196 
notice is concerned. A governmental body may give more extensive notice than is required by statute. Opinions from this office are usually based on a given set of facts and, where the open meeting law is concerned, often determine whether there has been compliance with the law. The fact that an opinion states that there has been minimal compliance with the law should not be utilized by governmental bodies to pattern their procedures according to the minimal procedure referred to. Governmental bodies should attempt to comply with both the letter and spirit of the law. It is prudent for governmental bodies to seek and rely upon the advice of their own attorneys where questions of compliance are involved. As attorney for the school district, this responsibility is yours and cannot be shifted to this office. The school board is in need of advice on a continuing basis and such advice must be conditioned on the material facts then and there existing.
I will further attempt to answer your questions with respect to 66 OAG 68 (1977), although some are argumentative in nature and others are fully treated in the opinion.
 1. Is the item in the publicly-noticed agenda, "Citizens and Delegations," sufficient to apprise members of the public and news media of any subject matter that a citizen's delegation may bring up at such meeting?
The answer is "yes," if the subject matter is within the jurisdiction of the board. If the matter is one of importance or of wide public interest, it would be prudent for the board to reserve discussion or action until a subsequent meeting for which more specific notice can be given. The board, in such case, may wish to refer the matter to a committee or invite further citizen input. Please also refer to the discussion in paragraphs two and three of this letter.
 2. May a citizen and board member, other than the presiding officer, arrange or conspire to evade the notice requirement by the use of the agenda item "Citizens and Delegations" ?
The answer is "no." The board should provide that members wishing to introduce matters, timely advise the presiding officer so that full public notice can be given. It is within the discretion of the board whether citizens shall be required to notify the presiding officer *Page 197 
of the specific subject matter involved in their appearance, so that timely, specific notice may be given.
The opinion referred to stated that, where the agenda item "Citizens and Delegations" was utilized and a citizen raised an issue which was not treated by express language in the agenda, the "governmental body could on motion of a member, discuss andif urgency required take action on the matter." (Emphasis added.)
3. Is urgency ever required before action can be taken?
The answer is "no." But see answer to Question No. 1 as to prudent procedure for the board to follow. Urgency may in part justify the taking of immediate action. It is impossible to set forth standards to determine when a matter is urgent which would apply to all situations.
You inquire:
 4. How is a forum provided on an equal basis for persons not in attendance, although interested in the subject, where the item, "Citizens and Delegations" is utilized?
The opinion referred to does not advocate the use of the agenda item, "Citizens and Delegations," with respect to providing a forum for citizen input. Where such an item is used, and public notice is given, it does inform the public and news media that citizens and delegations may bring matters within the jurisdiction of the board to the attention of the board and gives them an apparent right to be present, hear any petitions made and to make appearances themselves. The item was evidently used by the presiding officer with the approval of the board. As stated in paragraphs two and three of this letter, the board may wish to utilize some other item or procedure to provide a forum on a more equal and specifically publicized basis.
BCL:RJV *Page 198